UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD GERBER, : <br> : <br> Petitioner, : <br> : <br> v. : <br> : <br> UNITED STATES OF AMERICA, : <br> : <br> Respondent. : | Misc. Case No.: 05-0516 (RMU) <br><br> Document Nos.: 1, 8 |

MEMORANDUM ORDER

GRANTING THE RESPONDENT'S MOTION TO DISMISS THE PETITION TO QUASH

The petitioner seeks to quash Internal Revenue Service ("IRS") summonses requesting records related to his financial transactions issued to (1) Rosenau & Rosenau, a law firm, and (2) U.S. Bank, a financial institution located in Minneapolis, Minnesota. The IRS issued the summonses pursuant to 26 U.S.C. § 7602 as part of an investigation into the petitioner's taxable income in the years 1999 - 2005. Resp. to Pet. to Quash IRS Summons and Countercl. for Enforcement of Summons ¶ 1. The IRS moves to dismiss the petition to quash the summonses and for enforcement of the summonses.

On August 24, 2006, the respondent filed a status report indicating that Rosenau & Rosenau has complied with the summons issued by the IRS. A case is moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Albritton v. Kantor*, 944 F. Supp. 966, 974 (D.D.C. 1996) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). Because Rosenau & Rosenau has complied with the summons that the respondent seeks to enforce, the proceedings with respect to Rosenau & Rosenau are moot.

Although neither the petitioner's original petition in this case nor his original petition in the related case (Misc. Case. No. 06-0032) request that the court quash the summons issued to U.S. Bank, his supplement to the petition to quash, filed in both actions, also seeks to quash the summons issued to U.S. Bank. Pet'r's Supplemental Mem. of P. & A. to Pet'r's Pet. to Quash Summonses ("Pet'r's Suppl.") ¶ 4. The respondent moves to dismiss the petition arguing that the court lacks jurisdiction. This court only has jurisdiction over a petition to quash an IRS summons if the summons is issued to third parties who reside or are found in this district. 26 U.S.C. § 7609(h). The summons that the petitioner seeks to quash is addressed to a financial institution in Minneapolis, Minnesota. Indeed, the petitioner does not dispute that U.S. Bank and the requested records are located in Minneapolis, Minnesota, nor does he allege that U.S. Bank has offices within this district. Pet'r's Suppl. ¶ 4. Because this court only has jurisdiction over summonses issued to third parties within this district, the court does not have jurisdiction over the petition to quash the U.S. Bank summons. *See*, *e.g.*, *Justin v. United States*, 2006 WL 497219, *1 (W.D.N.C. Jan. 5, 2006) (slip op.) (dismissing a petition to quash a summons because the petitioner did not allege that any of the summonsed entities had offices within the district); *Fisher v. Internal Revenue Serv.*, 2002 WL 31476655, *1 (E.D. Cal. Sept. 3, 2002) (unpublished opinion) (dismissing a petition to quash a summons because the summonsed entity did not have offices, or branches, and was not otherwise found in the district).

Accordingly, it is this 14th day of September, 2006,

**ORDERED** that the respondent's motion to dismiss the petition to quash summons is **GRANTED**.

**SO ORDERED**.

RICARDO M. URBINA  
United States District Judge